PETER D. DOLFINI, Respondent, *v.* ERIE RAILROAD COMPANY,
Appellant.

CONTRIBUTORY NEGLIGENCE — WHEN TESTIMONY THAT PLAINTIFF
LOOKED BUT DID NOT SEE APPROACHING TRAIN IS INCREDIBLE AS A
MATTER OF LAW. Where the plaintiff, in an action brought to recover
for injuries received from being struck by a train while driving over a
railroad at a highway crossing on a clear summer day, testified that when
twenty feet distant from the track nearest to him he looked and saw
nothing on the tracks, and it appears that from a point seventy-five feet
distant from the tracks there was an unobstructed view thereof, in the
direction from which the train was coming, for several hundred feet,
and that if he had looked at the point stated in his testimony the train
must have been in plain sight, his testimony that he looked but did not
see the train is incredible as a matter of law, and the plaintiff must be
held guilty of contributory negligence in failing to exercise ordinary
caution to see whether there was a train approaching.
  *Dolfini* v. *Erie R. R. Co.*, 82 App. Div. 643, reversed.

(Argued February 16, 1904; decided March 4, 1904.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
April 21, 1903, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

1

*Henry Bacon* and *Joseph Merritt* for appellant. There was no legal evidence to submit to the jury to sustain the plaintiff's contention that he had shown himself free from negligence which contributed to this accident. The complaint should have been dismissed on the motion of the defendant, and the defendant was entitled to the instruction asked — that there was no evidence to show plaintiff's freedom from contributory negligence. ( *Wilcox* v. *R., W. & O. R. R. Co.*, 39 N. Y. 358 ; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330 ; *Woodard* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 369 ; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 500 ; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N.Y. 308 ; *Wiwirowski* v. *L. S. & M. S. R. R. Co.*, 124 N. Y. 420 ; *Getman* v. *D., L. & W. R. R. Co.*, 162 N. Y. 21 ; *Wieland* v. *D. & H. C. Co.*, 167 N. Y. 19 ; *Stopp* v. *F. R. R. Co.*, 80 Hun, 178 ; *Hudson* v. *E. R. R. Co.*, 61 App. Div. 134 ; *Westervelt* v. *N. Y. C. & H. R. R. R. Co.*, 86 App. Div. 316.)

*Edwin S. Merrill* for respondent. Plaintiff looked to left and right and listened before attempting to cross the tracks, and he was, therefore, not chargeable with contributory negligence. ( *Thompson* v. *C. Ry. Co.*, 110 N. Y. 630 ; *Rinea* v. *R. I. Works*, 120 N. Y. 433 ; *Nevin* v. *City of R.*, 76 N. Y. 619 ; *Stackus* v. *C. Ry. Co.*, 79 N. Y. 464 ; *Beisegel* v. *C. Ry. Co.*, 34 N. Y. 622 ; *Ernst* v. *H. R. Ry. Co.*, 35 N. Y. 9 ; *Dolan* v. *D. & H. C. Co.*, 71 N. Y. 285 ; *Pitts* v. *N. Y., L. E. & W. R. R. Co.*, 79 Hun, 546 ; 152 N. Y. 623 ; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419 ; *Renwick* v. *C. Ry. Co.*, 36 N. Y. 132 ; *Zwack* v. *Erie R. R. Co.*, 160 N. Y. 362.) Whether the plaintiff did all that a careful and prudent person should have done under the circumstances, was a question properly submitted to and disposed of by the jury. ( *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364 ; *Greany* v. *L. I. Ry. Co.*, 101 N. Y. 419 ; *Seeley* v. *C. Ry. Co.*, 8 App. Div. 402 ; *Beckwith* v. *N. Y. C. & H. R. R. R. Co.*, 45 Hun, 466 ; 125 N. Y. 759 ; *Miller* v. *N. Y. C.*

& H. R. R. R. Co., 82 Hun, 164 ; 146 N. Y. 367 ; *Judson* v. *C. V. Ry. Co.*, 157 N. Y. 579 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 76 ; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 366 ; *Wieland* v. *D. & H. C. Co.*, 30 App. Div. 85 ; *Branch* v. *N. Y. C. R. R. Co.*, 39 App. Div. 435.)

CULLEN, J. On the record before us we think that the plaintiff was clearly guilty of contributory negligence, precluding a recovery for his injuries; and that the motion of the defendant made on the trial to dismiss the complaint should have been granted. On a clear summer's afternoon, between four and five o'clock, the plaintiff was driving along a public highway in Orange county towards the intersection of such highway with the Erie railroad known as Ryan's crossing. The plaintiff was approaching the railroad from the south. When he arrived in the vicinity of the crossing there was a freight train going east on the track nearest to him. He testified that he waited until this train disappeared from his view towards the east and thereupon started to cross the railroad ; that when twenty feet distant from the near track he looked to the right or east and saw that nothing was on the tracks ; that he continued across the railroad and that as he was passing over the northerly or west-bound track his vehicle was struck by a passenger train coming from the east and he received the injuries for which he brought the action. The horse was going " on a good fair walk." At the scene of the accident the highway intersects the railroad at an acute angle. There was a much greater space than usual between the two tracks in consequence of there having formerly been another track between them. The distance between the first or nearest rail of the east-bound track and the nearest rail of the west-bound track was thirty-three feet and eleven feet further would carry any object clear of a train moving on the last-named track. The railroad crossed the highway on a straight course which continued to the east for a distance of 1050 feet, where it curved to the right. While the view of

a traveler approaching from the south of this portion of the railroad was somewhat obstructed by a wall and trees until he reached a point seventy-five feet from the west-bound track, from that point the view was entirely clear.  He could there see the railroad to the east for a distance of eight hundred feet.  At fifty feet from the crossing he could see the road for nine hundred feet and at twenty-five feet from the crossing for a thousand feet.  The grade of the railroad from the east to the crossing was slightly rising and the grade of the highway towards the crossing was also rising.  The speed of the train which struck the plaintiff's vehicle was from thirty to thirty-five miles an hour.  If the plaintiff looked at the point stated in his testimony the train, at the time, must have been two or three hundred feet west of the curve and in plain sight.  It is not sufficient that the plaintiff testifies that he looked but did not see.  Such a statement is incredible as a matter of law. (*Matter of Harriot*, 145 N. Y. 540.)

The case before us is not like those often occurring at railroad crossings, where as the traveler approaches the railroad at some points, he obtains a clear view of the track, and at other points his vision is obstructed by intervening obstacles. In such cases it may be that the traveler, though exercising due care, may fail to see the approaching train.  Here, for at least seventy-five feet from the crossing, the view was clear and unobstructed.  It is true that in the present case the crossing was unusually long and, therefore, more than usual time would be required to pass over it.  But the plaintiff had ample opportunity as he crossed the near or east-bound track and also in the space between the two tracks, to discover whether any train was approaching on the far track.  It is apparent that the accident was caused by the plaintiff's neglect to exercise ordinary caution to see whether there was any train coming from the east.  At the time of the accident there were travelers on the other side of the railroad, including two who were driving vehicles, waiting until they could cross in safety.  They had no difficulty in discovering the

approach of the passenger train, and made no attempt to cross.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, HAIGHT, MARTIN and WERNER, JJ., concur; VANN, J., not sitting.

Judgment reversed, etc.