the circumstances.   We think that there is no parental authority
which alone justifies the confinement of a sane minor in a mad-
house.   It cannot be a substitute for a void commitment of lunacy
of a minor who always was, and is, sane.   That in this case the
minor was not taken back to the institution, but sent abroad by
her parents under tutelary control, where she now is, does not af-
fect the fact that the order is a continuous menace to her—a formal
legal threat against her liberty.   If the court was right in its de-
termination as to her sanity, she is entitled to have the order set
aside, or at least modified.   It may be that only modification is
required, inasmuch as the court in this proceeding, in the exercise
of its inherent power, may, perhaps, determine that the custody of
the infant should be committed to her parents.

We think that we should not dispose of the merits upon this mo-
tion to dismiss the appeal, and, for the reasons stated, we should not
grant the motion.

---

## BEERS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

1. STREET RAILWAYS—NEGLIGENCE—PERSONAL INJURIES—INJURIES AT CROSS-
ING—CONTRIBUTORY NEGLIGENCE.

It cannot be said, as a matter of law, that a person is not ordinarily
prudent, when, at the intersection of two city streets, upon alighting from
a car and waiting until he has a clear view for half a block, on seeing
no car, he undertakes to cross a space of 15 feet, relying upon the assump-
tion that any approaching car will be under control, or that some warn-
ing will be given of its approach to enable him to escape danger.

2. SAME—RIGHTS OF PARTIES—DEGREE OF CARE.

The same degree of care is imposed upon a street railway company to
avoid injury to a pedestrian crossing its track in front of an approach-
ing car as is required of the pedestrian to avoid danger, the rights of the
parties being equal.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads,
§§ 197, 199.]

3. SAME—FAILURE TO LOOK—NEGLIGENCE IN LAW.

One who looks, and sees no street car approaching for a sufficient dis-
tance to warrant an ordinarily cautious person in believing that it is safe
to cross, has the right to rely on the assumption that the car company
will respect his equal right of passage, and cannot be said to be negligent,
as a matter of law, if he does not thereafter look in the direction from
which danger happens to come.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads,
§§ 207, 257.]

4. SAME.

Where plaintiff ascertained that the way was clear for a sufficient dis-
tance to warrant a reasonable person in believing it was safe to cross de-
fendant's street car tracks, it could not be said, as a matter of law, that
she was bound to see the car by which she was struck if it was only 10
feet from her when she stepped on the track.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads,
§§ 207, 257.]

5. SAME—REQUESTED INSTRUCTIONS—ERROR.

Where, in an action against a street railroad company for personal in-
juries, the court had charged that, if defendant's theory that plaintiff,

while attempting to cross the track, escaped the fender of the car, and deliberately walked into the car, so that whatever injury she received was the result of her own carelessness, was correct, plaintiff could not recover, it was not error to refuse to charge that, "if plaintiff went into the side of the car at the dashboard after the fender had passed her in safety, she was guilty of contributory negligence."

Appeal from Trial Term, Kings County.

Action by Sarah F. Beers against the Metropolitan Street Railway Company. From a judgment for plaintiff and from an order denying defendant's motion for new trial, defendant appeals. Affirmed.

For prior report, see 84 N. Y. Supp. 785.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Bayard H. Ames, for appellant.
William F. Walsh, for respondent.

MILLER, J. The plaintiff, an old lady, 70 years of age, was injured at the intersection of Twenty-Seventh street and Fourth avenue, borough of Manhattan, by being struck by one of defendant's south-bound cars while attempting to cross the street after having alighted from a north-bound car. The defendant urges as grounds for reversal of the judgment in favor of the plaintiff, first, that the proof failed to show negligence on the part of the defendant or freedom from contributory negligence on the part of the plaintiff; second, that the verdict is against the weight of evidence; and, third, that the court erred in refusing to charge as requested by the defendant, and in the admission of certain evidence.

There was a sharp conflict between the parties as to the circumstances leading up to the accident. The proof on the part of the plaintiff, if believed by the jury, warranted them in finding that the plaintiff, after alighting from the north-bound car, waited until she had an unobstructed view of the opposite track as far northward as the center of the block between Twenty-Seventh and Twenty-Eighth streets; that the car causing the injury was then just entering the block across Twenty-Eighth street; that she looked to the northward, and did not see any approaching car; that, deeming it safe to attempt the crossing, she then proceeded slowly to cross the defendant's tracks, going in the roadway provided for foot passengers and vehicles alike by those engaged in the construction of the subway; that she did not again look to the northward; that when she had reached a point somewhere between the rails of the south-bound track she was struck by the fender of the car approaching from the north, thrown over, striking her head against the stanchion at the corner of the platform of the car, and then thrown a distance of 20 or 30 feet in a southeasterly direction onto the north-bound track; that the motorman was propelling the car at the rate of at least 15 miles an hour, without slackening its speed until within 10 feet of the plaintiff, and without sounding the gong or giving any warning; and that after the collision the car went

130 or 140 feet before stopping. The distance between the two tracks of the defendant is five feet six inches, and the distance between the rails of each track is four feet four inches. The defendant's theory of the accident—that the plaintiff, upon alighting, without stopping to look or listen, immediately passed around the rear of the north-bound car, and, instead of being struck when between the rails of the south-bound track, negligently walked against the side of the car, was fairly submitted to the jury upon such a conflict of evidence as that we cannot say its finding is against the weight of evidence. The evidence clearly made the defendant's negligence a question of fact for the jury, and it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence. The place where she alighted must have been, according to the evidence, approximately 15 feet from the westerly rail of defendant's tracks. It cannot be said, as matter of law, that a person fails to observe the caution of an ordinarily prudent person when, at the intersection of two city streets, upon alighting from a car and waiting until he has a clear view for a space of at least half a block, upon looking and seeing no car, he undertakes to cross a space of 15 feet, relying upon the assumption that any approaching car will be under the control of the motorman so that it may readily be stopped, or at least that some warning will be given of its approach in time to enable him to escape danger. The rights of the parties were equal, and the same degree of care was imposed upon both. The reasons urged by the appellant as ground for reversal of this judgment would require that the plaintiff should have looked in the direction from which the car colliding with her came at every instant of time while attempting to cross the defendant's tracks. But this is not the rule, even in the case of highway crossing cases, where the rights and obligations of the parties are entirely different. A person who looks, and sees no car approaching for a sufficient distance to warrant an ordinarily cautious person in believing that it is safe to attempt a crossing, has the right to proceed relying upon the assumption that the street railroad company will respect his equal right of passage, and, in the absence of any additional facts calling for the exercise of greater vigilance, cannot be said to be negligent, as a matter of law, if he does not thereafter look in the direction from which danger happens to come. The case of Dolfini v. Erie Railroad Co., 178 N. Y. 1, 70 N. E. 68, has not changed the law of negligence, as urged by the appellant. That case simply applied to the peculiar facts shown to have existed the rule that the testimony of a witness, when contradicted by indisputable physical facts, was not sufficient to present a question for a jury; and the case of Reed v. Metropolitan Street Railway Co., 180 N. Y. 315, 73 N. E. 41, also relied upon by the appellant, would have been in point if the jury had found that the accident occurred in the manner claimed by the defendant. Counsel for the appellant with great industry has apparently collated in his brief all of the cases in this state, as well as many in other jurisdictions, bearing upon accidents at crossings. Without discussing

these authorities, it is sufficient to say that we find none, when considered in the light of the point actually decided, in conflict with the views here expressed.

At the close of the charge, after charging at the request of the defendant that the plaintiff was guilty of contributory negligence if she failed to look after her view ceased to be obstructed by the car from which she had alighted, the court was requested to charge "that, irrespective of the speed at which the car came down the avenue, that if she stepped in front of that car from four to ten feet, and it was impossible for the motorman to stop his car within that distance, that then she was guilty of contributory negligence, and the verdict must be for the defendant." It is not quite clear what was intended by this request, but, assuming that it meant that the plaintiff was guilty of contributory negligence if she stepped upon the track when the car was only 10 feet away, then it was not a correct statement of the law applicable to this case, because, having looked and ascertained that the way was clear for a sufficient distance to warrant a reasonable person in believing it was safe to cross, it cannot be said, as a matter of law, that she was bound to see the car if it was only 10 feet from her when she stepped upon the track.

The court was requested to charge: "I ask your honor to charge the jury that, if she went into the side of this car at the dashboard after the fender had passed her in safety, she was guilty of contributory negligence, and the verdict must be for the defendant." The court replied, "I decline to charge that, except as covered by the charge already made." This request had been substantially covered in the main charge. The court had clearly and concisely stated the claims of the two parties, plainly telling the jury that, if the defendant's theory was correct, the plaintiff could not recover, and in stating the theory of the defendant the court said "that the old lady escaped the fender in front of this car, and deliberately walked into the car, so that whatever injury she received was by reason of her own carelessness—the result of her own carelessness in not taking proper heed to where she was going—the car coming along with nothing to obstruct her view of this car, so far as shown, after the uptown car had gone on uptown." The court also said: "Of course, if this lady came around behind the other car, and walked right in front of his car, or right into his car, almost at the time of his seeing her, why, then the defendant would not be to blame (because you cannot expect impossibilities of a motorman), providing he had his car under control, and was going at the time at a reasonably slow rate of speed." Also: "She had alighted from one car, passed around to another railroad track. She should use the reasonable care of a reasonably prudent person under the circumstances. You must decide whether she did or did not. If you find that she did not use such care, then your verdict will be for the defendant, because she must show that she was careful— reasonably careful—in attempting to cross over this downtown railroad track." We think the request which was declined so far

as it embodied a correct principle of law applicable to this case, was fully covered by the court in its charge.

The exceptions to the rulings as to the testimony of Dr. Russell present no ground for reversal.

The record does not show that objection was made to the granting of an additional allowance.

The judgment and order should be affirmed, with costs. All concur.