of the west end of it, and when the jolt came, because of the stoppage of the engine, he pitched forward, head foremost, over the end of the car to the track, and was run over, causing the injuries which resulted in his death. The failure of the operating lever to lift the pin which held together the coupling on this occasion is attributed to a broken clevis between the operating lever and the pin of the automatic coupler, which the defendant had neglected to repair. This is the sole ground of alleged negligence on the part of the defendant.

There are various causes for failures of attempts to uncouple cars not attributable to defective couplers or machinery. The pins stick, caused by rust or dirt in the coupler, the links of the coupler become battered, or the pins bind on a curve, or the slack is not sufficiently taken up, and in other ways there are failures to uncouple, resulting in the letting out of the slack bring the cars up with a jerk, as on this occasion. In shifting cars jolts from the causes mentioned constantly occur, against which the brakemen are required to guard themselves from injury. They are the usual and ordinary results of moving cars in railroad yards, risks which they take in the course of their employment.

We think it was error to submit the case to the jury, and for that reason the judgment must be reversed, and a new trial granted upon questions of law only. All concur, except KRUSE, J., who dissents.

---

(51 Misc. Rep. 640.)

### MULLER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 14, 1906.)

1. STREET RAILROADS—OPERATION—COLLISIONS WITH VEHICLES—QUESTION FOR JURY.

   Where, in an action against a street railroad for damages to plaintiff's vehicle caused by a collision with a car, it appeared that at a street intersection plaintiff turned to cross the track, the car then being a block distant, and that the car struck the rear wheel of the wagon while it was crossing the track, and the horse was going at a fast walk or slow trot, the question of negligence was for the jury.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251, 255–257.]

2. SAME.

   Where one about to drive his horse across a street car track at a street intersection looked and saw a car approaching at the distance of a block, but did not again look at the car, and a collision ensued, the question of contributory negligence was for the jury.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 255–257.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by William Muller against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

William E. Weaver, for appellant.

John Newton Johnson, for respondent.

GILDERSLEEVE, J. Action for damages to plaintiff's horse and wagon caused by collision with defendant's car. Case tried before the justice and a jury. There are no exceptions to charge. Jury found for plaintiff. Defendant appeals.

The plaintiff's evidence, which the jury were at liberty to believe, shows that the driver of plaintiff's wagon was proceeding south on the westerly side of Sixth avenue. At the intersection of Thirty-First street and Sixth avenue he turned to the east to cross the avenue. At the time of turning he looked and saw defendant's car going south along the westerly track on Sixth avenue. The said car was then at Thirty-Second street, a block distant from the point where the accident occurred. The plaintiff's horse was going on a fast walk or slow trot. The car came along and struck the rear wheel of plaintiff's wagon, causing the injuries of which plaintiff complains. There is sufficient evidence to show defendant's negligence, for, if the motorman had had his car under control at this crossing, he could have stopped it in time to avoid striking plaintiff's wagon, which he must have seen in time, since the horse and most of the wagon had crossed the track at the time of the accident, while, as we have seen, the horse was going at a fast walk or slow trot.

The driver, however, did not look a second time after he had turned to cross. Appellant claims that this fact constitutes contributory negligence. It will be remembered that at the time of turning to cross he saw the car a block away. This was sufficient distance to warrant an ordinarily cautious person in believing that it was safe to attempt to cross, relying upon the assumption that the defendant's motorman would respect the driver's right of passage at this crossing and exercise proper care in the management of the car to prevent a collision. There were no additional or peculiar circumstances that called for an exercise of greater vigilance, and it cannot be said to have been contributory negligence as a matter of law for the driver to neglect to look a second time after turning to cross. This was the view taken by the learned trial justice, as shown in his very well-considered opinion denying defendant's motion for a new trial, citing the cases of Beers v. Met. St. Ry. Co., 104 App. Div. 99, 93 N. Y. Supp. 278; Hergert v. Union Ry. Co., 25 App. Div. 218, 49 N. Y. Supp. 307; Kennedy v. Third Ave. R. R. Co., 31 App. Div. 32, 52 N. Y. Supp. 551; Schoener v. Met. St. Ry. Co., 72 App. Div. 23, 76 N. Y. Supp. 157—in support of his conclusion, with which we concur.

The question of plaintiff's alleged contributory negligence, as well as that of defendant's negligence, was one for the jury, and there is sufficient evidence to sustain their finding in favor of plaintiff.

The judgment must be affirmed, with costs.

Judgment affirmed, with costs.

DOWLING, J., concurs. DUGRO, J., takes no part.