### KAYSER v. NEW YORK MAIL CO.

(Supreme Court, Appellate Term. February 1, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—CROSSING STREET—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

On the evidence in an action for personal injuries by being run over by defendant's wagon while crossing the street, held, that the questions of negligence and contributory negligence were for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—CARE ON CROSSING THE STREET.

There is no rule that a pedestrian crossing a street shall look up and down the street, but it is always a question of due care under the circumstances.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles H. Kayser against the New York Mail Company. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Affirmed.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Amos H. Stephens (Louis Cohn, of counsel), for appellant.
John B. Doyle, for respondent.

PENDLETON, J.   The action is for damages for personal injury, the result of being run over by a wagon belonging to defendant. The accident happened about half past 6 on the evening of February 15, 1911, near the northeast corner of Dey and Greenwich streets. The plaintiff was proceeding north on Greenwich street. Defendant's wagon was going west on Dey street at a fast trot, and struck plaintiff near the north side of Dey street, just before he reached the sidewalk. Plaintiff testified that before starting to cross Dey street, and again when about halfway across, he looked up and down the street and did not see the wagon; that he could see to Church street, which was some 200 feet to the east on Dey street, and to the Hudson Terminal branch post office, on Dey street, between Church and Greenwich streets, about 100 feet east of Greenwich street; that it was muggy weather and dark; the lights were lighted, and there was an electric light at the crossing of Dey and Greenwich streets.

[1] The court left the questions of negligence by defendant and contributory negligence by plaintiff to the jury on the evidence. This disposition of the question of contributory negligence is the error complained of. Defendant contended, by motion to dismiss on plaintiff's evidence, and again on all the evidence, and by his request to charge that the fact that plaintiff looked up and down the street and did not see the wagon, and was struck before he reached the sidewalk, showed negligence per se on plaintiff's part; and defendant relies on Dolfini v. Erie R. R. Co., 178 N. Y. 1, 70 N. E. 68. It was held in that case that where plaintiff testified that before crossing a steam railroad track he looked up and down and did not see the train, where it appeared by the uncontradicted testimony that it was a clear day and the view unobstructed, and the circumstances such that, if he had looked, he must have seen the train, his testimony was incredible as matter of law, and it must be held that he had not looked, and hence, under the rule that a person about to cross a steam railroad is bound to look, was guilty of negligence per se, and the complaint should be dismissed. The case here is very different.

[2] Under the conditions of the light and weather, and in view of the testimony of there being a branch post office in Dey street, there is nothing incredible in plaintiff's testimony that he did not see the wagon; but if there were, and if it were assumed he did not look up and down, the rule requiring a person so to do applies only to steam railroads, and not to street crossings. Reens v. Mail & Express Publishing Company, 10 Misc. Rep. 122, 30 N. Y. Supp. 913. In street crossings there is no such absolute rule. It is always a question of

due care under the circumstances. Baker v. Close (Court of Appeals) 97 N. E. 501.

The judgment should be affirmed, with costs. All concur.