EDWARD HAGGLUND, Respondent, v. ERIE RAILROAD COMPANY, Appellant.

Negligence — railroads — erroneous refusal to charge — contributory negligence.

In an action to recover for personal injuries sustained by plaintiff when struck by one of defendant's trains at a railroad crossing, defendant requested the court to charge "that if the train was in plain view of plaintiff at the time he testified he looked and didn't

see it, then the plaintiff's statement that he looked but didn't see the train or headlight is incredible as a matter of law." *Held*, that the request contained a correct statement of the law and a refusal to so charge was erroneous. (*Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1, followed.) *Held*, *further*, upon examination of the record, that plaintiff was guilty of contributory negligence and that a motion for a nonsuit should have been granted.

*Hagglund* v. *Erie R. R. Co.*, 148 App. Div. 935, reversed.

(Argued December 11, 1913; decided December 19, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 3, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur C. Wade* for appellant. It was error to submit the question of the plaintiff's contributory negligence to the jury. (*Keller* v. *Erie Railroad Co.*, 183 N. Y. 67; *Dolfini* v. *Erie Railroad Co.*, 178 N. Y. 1; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *Fisher* v. *Central Vermont Ry. Co.*, 109 App. Div. 449; *McSweeney* v. *Erie Railroad Co.*, 93 App. Div. 496; *McAuliffe* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 356; *Westervelt* v. *N. Y. C. & H. R. R. R. Co.*, 86 App. Div. 316; *Pietraroia* v. *N. J. & H. R. Ry. & Ferry Co.*, 131 App. Div. 829; *Long* v. *Union Ry. Co. of N. Y. City*, 122 App. Div. 564; *McAuliffe* v. *N. Y. City Ry. Co.*, 122 App. Div. 633; *Gaffney* v. *N. Y. C. & H. R. R. R. Co.*, 123 App. Div. 675; *Wood* v. *C. I. & B. R. R. Co.*, 133 App. Div. 270; *Waters* v. *United Traction Co.*, 114 App. Div. 275; *Bonert* v. *L. I. R. R. Co.*, 145 App. Div. 552; *Swart* v. *N. Y. C. & H. R. R. R. Co.*, 81 App. Div. 402; 177 N. Y. 529.)

*J. Delevan Curtiss* for respondent. The plaintiff was not guilty of contributory negligence as matter of law in

any view of the facts proven. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *Waddell* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 530; *Canning* v. *B., R. & P. Ry. Co.*, 168 N. Y. 555; *Woodworth* v. *N. Y. C. & H. R. R. R. Co.*, 55 App. Div. 23; 170 N. Y. 589; *Greaney* v. *Long Island R. R. Co.*, 101 N. Y. 419; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 87 App. Div. 206; 179 N. Y. 582; *Branch* v. *N. Y. C. & H. R. R. R. Co.*, 39 App. Div. 435; 168 N. Y. 663; *Turell* v. *Erie R. R. Co.*, 49 App. Div. 94.) The question of contributory negligence, being as a general proposition for the jury, is especially so when it is shown the injured party stopped, looked and listened, and exercised care to any reasonable degree — and the absence of contributory negligence may be established by direct proof or by circumstances competent to be shown in connection with such looking and listening. (*Chisholm* v. *State*, 141 N. Y. 246; *Kettle* v. *Turl*, 162 N. Y. 255; *Pitts* v. *N. Y., L. E. & W. R. R. Co.*, 79 Hun, 546; 152 N. Y. 623; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *Branch* v. *N. Y. C. & H. R. R. R. Co.*, 39 App. Div. 435; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362; *Kettle* v. *Turl*, 162 N. Y. 255; *Turell* v. *Erie Railroad Co.*, 49 App. Div. 94; *Waddell* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 530; *Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 652; *Morse* v. *N. Y. C. & H. R. R. R. Co.*, 102 App. Div. 495.)

CULLEN, Ch. J. At about a quarter past seven o'clock on the evening of March 28, 1907, the plaintiff was walking along the westerly side of Institute street in the city of Jamestown, intending to cross the railroad of the defendant which intersected the street substantially at right angles. At this point the defendant had four tracks. The first track encountered by one approaching from the north was a switch track or siding on which

1913.]            Opinion, per CULLEN, Ch. J.        [210 N. Y.]

box cars were standing to the west of the crossing. The next was the west-bound main track, then the east-bound main track, and then still another siding. The street crossed the railroad at grade and at the point of intersection both the railroad and the street ran through deep cuts. The banks prevented a traveler on the highway from obtaining any extended view along the track until he was within a short distance of the tracks, but when he reached a point two feet north of the siding, he was thirteen feet north of the north rail of the west-bound track. At this point a person would have a clear view to the east for a distance of six hundred and fifty feet. Plaintiff testified that on the occasion of the accident, as he drew near to the railroad, he looked and listened for the approach of any train, but discovered none, and that while crossing the west-bound track he was struck by the engine of a passenger train and was thrown a distance of about eighty feet, whereby he received permanent injuries. He further testified that no warning was given either by bell or whistle of the approach of the train. It was conceded that the headlight of the engine was lighted at the time, and the evidence given by the plaintiff tended to show that the train was moving at the rate of fifteen miles an hour. Plaintiff claims that when about to cross the tracks it was necessary for him to guard himself against any movement of the cars on the siding. The jury found for the plaintiff and the judgment entered on that verdict was affirmed at the Appellate Division by a divided court, the presiding justice dissenting on the ground that the plaintiff was guilty of contributory negligence.

It is clear that the judgment must be reversed for an error in the charge of the trial court. The defendant asked the court to charge: "That if the train was in plain view of the plaintiff at the time he testified he looked and didn't see it, then the plaintiff's statement that he looked but didn't see the train or headlight is incredible as a matter of law," to which the court

4

responded, "I think, literally speaking, that is true. To give you the exception, I don't think it is applicable to this case necessarily." The defendant thereupon excepted to the remark of the court. The request, instead of being inapplicable, was peculiarly applicable to the case presented by the evidence. The plaintiff testified that he had looked for the approach of a train and did not see any. His evidence was uncertain as to the precise time at which he looked. The request then presented the proposition of law that if when he looked the train was in plain view, his testimony that he did not see it was to be disregarded. This was a correct statement of the law. (*Dolfini* v. *Erie Railroad Co.*, 178 N. Y. 1.) If the train was in plain view when he looked he was guilty of contributory negligence, and his testimony that he did not see what was in plain view cannot relieve him from the imputation.

A majority of the court, however, while agreeing with me in the question discussed, go further and are of opinion that on the record before us the plaintiff was guilty of contributory negligence as a matter of law; that the case should not have been submitted to the jury, but that the defendant's motion for a nonsuit should have been granted.

The judgment should be reversed and a new trial granted, costs to abide the event.

WERNER, HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment reversed, etc.