### BREESE v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.   May 1, 1914.)

STREET RAILROADS (§ 117*)—PERSONAL INJURIES—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

Where one with an unobstructed view of the street was struck by a car while standing in the three-foot space between the track and an automobile, the question of his contributory negligence was for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

Appeal from Trial Term, Kings County.

Action by Charles H. Breese against the Nassau Electric Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Frederick S. Martyn, of Brooklyn, for appellant.
D. A. Marsh, of Brooklyn, for respondent.

BURR, J.   This is a very close case, but we are of the opinion that the question of plaintiff's contributory negligence should have been submitted to the jury to be disposed of as one of fact.   On September 17, 1912, plaintiff resided on the south side of St. John's place in the borough of Brooklyn, about midway between Nostrand and New York avenues.   This block is 700 or 800 feet long, and a person standing in the street has an uninterrupted view to the west across Nostrand avenue to Rogers avenue, a distance of 1,000 or 1,200 feet.   Defendant operates a double-track line of surface cars east and west through St. John's place.   On the night in question, which was a clear night, Mr. and Mrs. Yetman, friends of plaintiff, had been visiting at his house. They left about 9 o'clock.   An automobile, belonging to his visitors, stood in front of plaintiff's house facing east.   The distance between the southerly or nearest rail of the track for the east-bound cars and the northerly side of the automobile was about three feet.   As they reached the steps to descend into the street, Mr. Yetman discovered that he had forgotten his overcoat and returned to the house to get it, and remained chatting for a moment with plaintiff's wife, while plaintiff accompanied Mrs. Yetman to the street to assist her in getting into the automobile.   They passed together around the front of the automobile to the northerly side thereof.   Mrs. Yetman expressed a desire to ride upon the front seat with her husband, and plaintiff testified that the only entrance thereto was a door upon the left-hand side of the automobile.   The automobile was a new one and the door stuck, and plaintiff spent a little time in opening it.   After he had succeeded, and while he was assisting Mrs. Yetman to enter the automobile, a car, passing rapidly along in an easterly direction on the southerly track and, as plaintiff claims, without giving warning of its approach, struck him, causing him some injury.   Plaintiff testifies that as he passed around the front of the automobile he looked toward Nostrand avenue and did not see any car between him and Nostrand avenue.   Subsequently, in response to a leading question from his counsel, he said that he did not see any car on St. John's place, which would perhaps include the entire distance up to Rogers avenue.   He does not pretend that he looked after that time.   He also testifies that he stood by the automobile and within one foot of the car track for a period of time estimated to be from half a minute to a minute, while trying to open the door.

Notwithstanding that defendant had a right of way for its cars between crossings which would justify it in running them at a reasonably rapid rate of speed, plaintiff contends that he did not stand in the street in a position which he knew to be one of danger sufficiently long to justify the court in withdrawing the consideration of his contributory negligence from the jury.   Estimates of time, under such circumstances, are often inaccurate, and time is only one of the factors to be considered.   If plaintiff did look as he passed around the front of the automobile and looked intelligently, as he was bound to do (Dolfini v. Erie R. R. Co., 178 N. Y. 1, 70 N. E. 68; Mastin v. City of New York, 201 N. Y. 81, 94 N. E. 611, 33 L. R. A. [N. S.] 784), and there was no car east of Rogers avenue, then, to pass over that space

in one-half a minute, the car must have been proceeding nearly 20 miles an hour, making no allowance for the stop which it was obliged to make before crossing Nostrand avenue. Yet it appears that this car, which was concededly lighted, came to a stop within two car lengths of the front of the automobile after the collision. Counsel contends that, if plaintiff had seen a car upon the track beyond Nostrand avenue, it might have been difficult for him to tell whether it was coming toward him or going from him. Plaintiff says he did not see any car at all, so that there is no room for this argument. If he had seen it and was in doubt as to its direction, there was the greater need that he should not assume a position of danger near the track and remain standing there until he had ascertained the fact in this regard. All of these arguments, however, are to be addressed to a jury rather than to the court. While slight, we think that there was sufficient evidence, unexplained and uncontradicted, to require plaintiff's freedom from contributory negligence to be submitted to a jury. Volosko v. Interurban St. Ry. Co., 190 N. Y. 206, 82 N. E. 1090, 15 L. R. A. (N. S.) 1117; McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

The judgment must be reversed, and a new trial granted; costs to abide the event.