### WARSHAWSKY v. BALTERANSKY.

(Supreme Court, Appellate Term, First Department. March 22, 1916.)

MUNICIPAL CORPORATIONS ⪪706(7)—INJURIES ON STREET—TESTIMONY CONTRADICTED BY PHYSICAL FACTS.

> Where plaintiff, knocked down by a horse and run over while crossing a street, testified that he looked and also stopped and listened before crossing, although physical facts and circumstances surrounding the transaction made it incredible that he had looked without seeing the horse, there was no showing of freedom from contributory negligence, since evidence impeached by uncontroverted physical facts is incredible as a matter of law.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⪪706(7).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Morris Warshawsky, by his guardian ad litem, against Louis Balteransky. From a judgment for plaintiff, defendant appeals. Judgment reversed, and judgment entered dismissing the complaint.

Argued February term, 1916, before LEHMAN,' WEEKS, and DELEHANTY, JJ.

Becher, Marx & Teitelbaum, of New York City (Harry H. Bernstein, of New York City, of counsel), for appellant.

Henry Lieb, of New York City, for respondent.

WEEKS, J. In the trial of this action the plaintiff was awarded a judgment of $169 for personal injuries alleged to have been caused by the negligence of defendant.

The plaintiff, a boy 11 years of age, testified that about 11 o'clock in the evening of May 2, 1915, he was walking down Second avenue, on the westerly side, with his sister, two other girls, and another boy, and had reached the corner of Twenty-Third street, and after stopping, looking, and listening, and neither seeing nor hearing anything, he

started to cross the street and was struck by defendant's horse, when only 4 feet from the sidewalk, and that both right wheels of defendant's carriage passed over his legs; that his sister and another girl were behind him, and that the other boy was alongside of him.

Both of the girls testified that they had not seen the accident, because they had crossed the street first, and the other boy testified that all had crossed the street except himself and the plaintiff, and both boys testified that the accident happened at the north crosswalk, although plaintiff's bill of particulars shows that the accident occurred on Second avenue, between Twenty-Third and Twenty-Fourth streets.

The only disinterested witness was the police officer, who was standing at the southeast corner of Twenty-Third street. He testified that he noticed a carriage standing in the block between Twenty-Third and Twenty-Fourth streets with a crowd around it, and went there to investigate, and plaintiff pointed out the place where the accident occurred, about 60 feet south of Twenty-Fourth street.

The story told by the plaintiff, that before he stepped off the sidewalk to cross the street he "looked around to see if anything was coming up," and saw nothing on the street coming up or down, and that after he was about 4 feet from the sidewalk he looked again up and down, and saw nothing coming up or down the avenue, and then started to walk, and was immediately struck by defendant's horse and knocked down, is incredible. He was struck so soon after leaving the sidewalk that defendant's carriage must have been within easy sight before he started to cross, if he had looked.

There was an arc light on the southwest corner of Twenty-Third street, and there was no evidence of any unusual atmospheric conditions, or that the avenue was not lighted in the usual manner, or that there was anything to obstruct his view, or as to the speed at which the horse was going, except that it was trotting; but one of the witnesses for plaintiff testified that when the horse was stopped plaintiff's "feet were under the carriage, by the carriage where the wheels went over him," and as said by Mr. Justice Herrick in Fuller v. Dederick, 35 App. Div. 93, 94, 54 N. Y. Supp. 593, 595:

"It seems almost incredible that, if the plaintiff was exercising her faculties, she should not have seen the horse and carriage until it struck her. * * * It seems to me impossible that, if she had been using her eyes and ears as a person should do in crossing a city street, she should not have seen this horse and wagon approaching, and that, if she had been so using her senses, she would have known of its approach before it struck her, as she insists, or before she ran into it, as the evidence seems to indicate. * * * So far from showing the absence of contributory negligence, the evidence shows its presence."

As stated by Laughlin, J., in McKinley v. Metropolitan Street R. Co., 91 App. Div. 153, 156, 86 N. Y. Supp. 461, 463:

"The accident could not have happened in the manner described by him. The inference is irresistible that he did not look at all, or did not look with care. * * * This is not a case where the credibility of a witness is involved, which takes the case to the jury. His testimony is impeached by physical facts, about which there is and can be no controversy. The car was *there* and almost upon him as he stepped upon the track, or he would not have been struck while stepping over the first rail."

As stated by Chief Justice Cullen, in Dolfini v. Erie R. R. Co., 178 N. Y. 1, 4, 70 N. E. 68, 69:

"It is not sufficient that the plaintiff testifies that he looked, but did not see. Such a statement is incredible as matter of law. Matter of Harriot, 145 N. Y. 540 [40 N. E. 246]."

Nor does the story of this plaintiff become any more persuasive because, in addition to a compliance with the care demanded by the law of looking before crossing a street, he testified that he also stopped and listened.

No negligence was shown on the part of the defendant, and the evidence fails to establish plaintiff's freedom from contributory negligence. The motion of defendant to dismiss the complaint, made at the close of plaintiff's case, and renewed at the close of the case, should have been granted.

The judgment appealed from should be reversed, and judgment entered dismissing the complaint, with $30 costs to appellant. All concur.