In the Matter of HELENE MINDHEIM, Respondent, v. ISAAC MINDHEIM, Appellant.— Order of the Domestic Relations Court of the City of New York (Family Court), Queens County, directing appellant to pay eight dollars a week for the support of petitioner and the sum of sixty-four dollars in addition thereto, at the rate of two dollars a week, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

VENLA JAHRSTORFER, Appellant, v. FAY STILLMAN and CHARLES STILLMAN, JR., Respondents.— In an action brought to recover damages for personal injuries and for injury to plaintiff's automobile as the result of a collision between two automobiles at a street intersection, judgment of the County Court of Nassau county, in so far as it dismisses the complaint as against defendant Fay Stillman, reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event. On this record the issues of negligence and contributory negligence were for the jury. Plaintiff's testimony that she looked to the right and failed to see defendant's automobile was not incredible as matter of law under the circumstances presented here. The accident occurred after dark at the intersection of two roads lined with trees. There was no proof as to the existence or location of street lights. Plaintiff's testimony cannot fairly be construed as an admission that the headlights of defendant's car were lit, and the only evidence that they were lit was that of Charles Stillman, Jr., an interested witness. Such cases as *Dolfini* v. *Erie R. R. Co.* (178 N. Y. 1) are clearly distinguishable on the facts. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.

ABBY HOWELL LEE, Respondent, v. TOWN OF MOUNT PLEASANT, Appellant.— Order granting plaintiff's motion to strike out seven affirmative defenses alleged in the answer, and denying defendant's cross-motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. We do not pass upon the plaintiff's right to the various forms of relief demanded in the complaint. We hold merely, as far as the complaint is concerned, that a cause of action is stated. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29; *Moss Estate, Inc.*, v. *Town of Ossining*, 268 id. 114.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

PAULINE LEFFEL, Respondent, v. HYMAN HEITNER, etc., Defendant, and NETTIE KRAMER, Individually and as Coadministrator, etc., of SCHMIEL HEITNER, Also Known as SAM or SAMUEL HEITNER, Deceased, Appellant.— Order denying the appellant's motion to set aside the sale under the judgment of foreclosure herein and to stay the referee from delivering a deed to the purchaser at such sale, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.