Charles T. Major, J.
The above-entitled and numbered claims were duly filed on August 3, \960, to recover damages sustained by the claimants as a result o! a two-car accident at the intersection of Lawrence and Y’and_im-x Streets in the .City of Watertown, New York, alleged t o have, bt en caused by the negligence of the State of New Yoik. Thes-y claims have not been assigned or submitted to any other court or tribunal for audit or determination.
*912 Lawrence Street is a two-lane macadam highway about 18 feet wide, and runs substantially east and west. Vanduzze Street runs north and south at right angles to Lawrence Street, and is a macadam highway approximately 23.7 feet in width and is covered with black top asphalt up to the walks on each side of the street. There were no traffic control signals or “Stop” signs at this intersection. At the time this accident occurred, it was raining and the pavement was wet. There was no other traffic on these streets or vehicles parked in the vicinity of the intersection.
On Friday, July 8, 1960, shortly after 2:00 p.m. claimant, Evelyn Williams, was driving a 1953 two-door Ford belonging to her husband, claimant, Le Roy Williams. She was proceeding easterly on Lawrence Street with her sister, claimant Wilma A. Smith, sitting in the front seat beside her and claimant Edward L, Smith, occupying the seat next to the right-hand door.
Evelyn Williams testified that as she came to this intersection she stopped her vehicle about 3 feet from the westerly line of Vanduzze Street. She had a full view and could see clear down to Coffeen Street to her right. She did not observe any vehicles traveling north towards her or the intersection, so she started her car in low gear and went more than half way through the intersection. She first saw a car when it was about to hit her automobile.
Wilma A. Smith also testified that as the car in which she was riding., approached the intersection, it stopped and she looked, saw nothing coming and after it was more than half way across a collision occurred. Edward L. Smith was not present and did not testify at the trial.
Coffeen Street is about 350 feet south of Lawrence Street.
The other vehicle involved was owned by the State of Ncav Tork, and at the time of the accident was driven by Clyde A. Kirk, a mechanic who had the State car out for a road test and was headed towards the shop. He testified that when he approached the intersection he left off on the gas to slow up. He noticed another car approaching going east on Lawrence Street and saw that it was evident that this car was not going to stop . He applied his brakes but the other vehicle came into the intersection in front of his car and he skidded into its side. When he first observed the other car it was about 10 feet away from the intersection and at the same time the State vehicle was the same distance away. Kirk’s testimony was substantially verified by Harold L. Peters, who was a passenger in the State car.
*913 It is undisputed that after the impact the Williams’ car travelled about 30 feet and came to a stop against a house near the southeast corner of the intersection. The State car traveled not more than 5 feet after the impact. The evidence indicates that the two cars approached the intersection at about the same time and distance. There is considerable doubt that the driver of the Williams’ car and her sister looked to their right without seeing the State car approaching. It is the established law that the testimony of a witness who does not see what she should have seen is incredible as a matter of law. (Weigand v. United Traction Co., 221 N. Y. 39; Dolfini v. Erie R. R. Co., 178 N. Y. 1.)
The State car, approaching the intersection from the claimants’ right, had the right of way and it was the duty of the driver of the Williams’ car to see the State car approaching and yield the right of way to the vehicle on her right. (Vehicle and Traffic Law, § 1140.)
The negligence of Evelyn Williams was the proximate cause of this accident. The State, its employees or agents were guilty of no negligence which was a proximate cause of this accident or contributed thereto in any manner. Motions of the State’s attorneys are granted, and the above claims arc dismissed.